Good morning, Your Honors. Kenneth Lee, appearing on behalf of Appellant Christopher Brewster. And to inform the Court, though, we'll be splitting our argument. Okay. You have ten minutes total between the two of you, including rebuttal. Additionally, we'd request that you reserve two minutes for rebuttal. Okay. That's out of your ten minutes, so... Understood, Your Honor. May it please the Court. The central question in this case is whether the actions of a mortgage servicer such as Nationstar are part of the foreclosure process that is defined by California law. We respectfully submit to this Court, as we outlined in our moving papers, that the actions undertaken by Nationstar are, in fact, part of the foreclosure process under California law and thus violate the protections set forth by the Service Member Civil Relief Act. Now, in defining what is a foreclosure under California law, it is our position that we have to look to Section 2924 of the California Civil Code. Now, that statute sets forth in California exactly what constitutes a foreclosure. In particular, Section 2924C describes various steps that are part of the foreclosure process. For instance, it discusses foreclosure sale. It discusses recording a notice of default. However, those actions are not the universe of what constitutes a foreclosure in California. It also includes the imposition of costs and fees that are associated with a foreclosure. And that's exactly what happened here in the case of Mr. Brewster. The fees described in Section 2924. Counsel, it's Judge Gould. Yes, Your Honor. Judge Gould, with a question for you, if I could. Could you help me understand what's really at stake here from Mr. Brewster's point of view? Because I understand that Nation Star, ultimately after you started the lawsuit, reversed those fees that had been, let me say, wrongfully imposed by some trust. So they stopped trying to collect them. So why are we here? Is it because of the attorney fee provision or some other reason? That is part of it, Your Honor, the attorney fee provision. However, what's at stake here is what the SCRA was meant to protect. And that is service members who are recalled to active duty to allow them to focus on their duties when they assume the burdens of protecting the Republic. Now are you still seeking damages, including punitive damages? We would reserve that right, yes, Your Honor. We would seek that. And did Nation Star raise below the question as to whether there's a private cause of action under the SCRA? That issue was not brought forth, Your Honor. We believe there is one. Is that issue preserved? I don't think that that issue has been decided in this circuit. We don't believe so, Your Honor, but from looking at the case law and surrounding circuits, we believe that those would be persuasive enough to maintain that there is, in fact. Those are all district court decisions, aren't they? We believe so, yes, Your Honor. Are there any circuit decisions holding that there's a private cause of action? I'm not aware of one at this time, Your Honor. How about decisions holding that there are, that punitive damages are available? We believe that there are also district court decisions indicating that punitive damage are available. Yes, Your Honor. The statute itself covers damages and fees or costs, but it doesn't use the phrase punitive damages, right? That's correct, Your Honor. However, it's our belief that in reading the SCRA, which does talk about damages in a rather vague way, but it does say that all available damages under law are essentially fair game. And in reading that statement within the statute, we believe that punitive damages are, in fact, an option under the Service Member Civil Relief Act. Okay, let me just understand this. The fees on the mortgage foreclosure that Sun started, they, in addition to trying to get title to the home, they put a certain fee on Brewster's account, right? That is correct, Your Honor. Then what was that, a percentage or a flat fee? Well, there were fees associated with the foreclosure process. They were, like, recording the sheriff's deed, certified mail fees, something characterized as a foreclosure fee, things of that nature, Your Honor. They were all essentially part of the process. Okay. And then Sun sells the servicing right, or some other mechanism sells or assigns them to NationStar, right? That's correct. Then NationStar tries to collect, including tries to collect the fees that were charged on the foreclosure. Correct, Your Honor. Okay, so is it your position that fees charged as part of a foreclosure are or should be considered a foreclosure within the meaning of the SCRA? That is exactly our position, Your Honor. As we stated, in looking at the California statute that describes the foreclosure process, it is not limited to simply attempting to engage in a foreclosure sale or recording a notice of default. The imposition of fees, which are specifically described in Section 2924C sub C of the California Civil Code, that is all part of the universe of the foreclosure process in California. And by virtue of having demanded the repayment of those fees, NationStar, in fact, was imposing a foreclosure upon Mr. Brewster in the context of the Service Member Civil Relief Act. Okay. Thank you. Thank you, Your Honor. Could you point me to the provision in the SCRA that refers to damages? May I have one moment, Your Honor? Sure. It would be Title 18 of the statute, Your Honor. Which is what section? We're finding it, Your Honor. You can get it for me when you come back up, if you like. Thank you, Your Honor. Now, if you all you're down to three minutes, so if you're going to split your time. I understand, Your Honor. Actually, at this point, we'll just reserve the rest for rebuttal, Your Honor. Okay. Good morning, and may it please the Court. Regina McClendon, appearing on behalf of NationStar Mortgage, LLC. The issue before the Court on this case is a narrow one. Did Mr. Brewster state a claim for violation of the SCRA as to NationStar based on his assertion that NationStar did not promptly remove fees that had been assessed by his prior loan servicer? The answer to that question is no. The only claim alleged against NationStar was for violation of Section 533 of the SCRA. That section does not forbid the assessment of fees. It states only that a, quote, Counsel, if I could have you focus on my concern here. That section does prohibit foreclosure, and the charging of the fees by SunTrust was a part of the foreclosure. So why, you know, given the liberal way the statute is supposed to be interpreted to protect servicemen, why shouldn't we say that fees charged as part of a foreclosure, you know, are part of the foreclosure, therefore that can be a claim under SCRA? Well, for two reasons, Your Honor. The first is because of the timing in which these events happened. SunTrust is the servicer that instituted foreclosure proceedings by recording a notice of default. And in connection with that recording of the notice of default, SunTrust assessed certain fees to the account. Several months after that, SunTrust rescinded the notice of default. The rescission of the notice of default stops the foreclosure. At that moment, when SunTrust rescinded the notice of default, there was no foreclosure pending. It wasn't until three months later that SunTrust transferred the servicing of the loan to NationStar. So at the time NationStar started servicing the loan, there was no foreclosure pending, period. Right, but the fees were an incident of the prior foreclosure. That is correct. So the question I have is why shouldn't that be considered covered under the SCRA? Because, Your Honor, the SCRA mentions fees throughout. Not in Section 533, which is the only section Mr. Brewster sued under, but it mentions fees throughout. For example, 535A deals with a service member's right to cancel a phone service contract, and it prohibits the phone company from charging an early termination fee. There's another section in the SCRA, 535, which permits a service member to terminate a vehicle lease under certain conditions. And in that event, the lessor is not permitted to charge an early termination fee. So the SCRA discusses fees throughout. But what's notable is they do not mention fees at all in Section 533. And under a number of authorities, including a case out of the U.S. Supreme Court, Conroy v. Aniskoff, 507 U.S. 511, addresses a very similar issue. In that case, the service member was challenging a county's seizure of his property for failure to pay taxes without extending the time to redeem that he was afforded under the SCRA. The county had argued that the service member had to show hardship or prejudice to invoke the tolling under the SCRA. The Supreme Court rejected the county's argument. What it said there is the context of the statute, again, the SCRA, actually supports the conclusion that Congress meant what Section 525 says. Several provisions of the statute condition the protection they offer on a showing that military service adversely affected the ability to assert or protect a legal right. The Supreme Court goes on to cite some subsections within the SCRA that include such a provision. The Court then goes on to say the comprehensive character of the entire statute indicates that Congress included a prejudice requirement whenever it considered it appropriate to do so and that its omission of any such requirement in Section 525 was deliberate. And we would submit that the same is true here. Throughout the SCRA, there are references to fees, but a reference to fees is absent from Section 533, which is the section Mr. Brewster sues under. In determining what foreclosure means under the SCRA, does the Court look to local law, state law? Yes, Your Honor. The Court should look to local law. And in this case, Mr. Brewster, his note and deed of trust were governed by California law, and the property is located in California, so you would look to California law. And the California law you look to in particular is Civil Code Section 2924, which has been interpreted many times by many courts. And what that section says is essentially to begin a foreclosure, you record a notice of default. The code section then walks through the steps. You have the notice of default. You wait three months. You record a notice of sale. You wait three weeks, and then you go to sale. But what 2924 also includes is a provision for stopping the foreclosure sale, and that provision is accomplished by recording a rescission of a notice of default. And once that rescission of the notice of default is recorded, the foreclosure is stopped over and no longer pending. And, again, that occurred months before NationStar ever started servicing this fund. But what about your opponent's citation of 2924CC, which does make reference to collection of fees? Does that imply that's part of the foreclosure process? The code does permit the servicer to pass along the cost of the foreclosure to the borrower, and that is in the code. I would agree with that. But it doesn't mean that the assessment of the fees is governed by the SCRA, which, again, talks about fees throughout, but not within the code section that Mr. Brewster is referring to. Well, I think the argument is that it comes in through the definition of foreclosure, not necessarily through a separate explicit provision in the SCRA that addresses fees. And so if that word foreclosure in the federal law incorporates elements of state law and state law references fees, why isn't it reasonable to deem that part of the foreclosure process? Well, we have to look to the language of 533, Your Honor. And what 533 actually says is that any foreclosure sale that occurs is invalid. Any attempt to foreclose is invalid. And so it doesn't – what to me that means is if you are going to include fees within the term foreclosure, then that means any fees assessed are also invalid. And they were, and we removed them from the account, and we did so more than a year ago. Counsel, did you question the district court whether they had a private cause of action for damages under this statute? We did not raise that below. I would also – Well, counsel, I think on a legal, purely legal issue, we have discretion to say it's waived because not raised below. But we can reach it in certain cases. So I guess I would like to know what is your substantive position on two points. One, whether there is a private cause of action under this statute. And two, whether the statute allows punitive damages. Your Honor, the answer to the first question, while I agree that it has not been decided in this circuit, frankly, I think the better reasoning is that there is a private right of action under 597A. Its title is private right of action. And it provides for persons aggrieved by a violation of the act to bring a civil action. So I don't think I can argue that there's no private right of action. What I can say, though, about 597A is it does not provide for punitive damages. It provides for monetary damages. And in this case, Mr. Brewster has not suffered any monetary damages. One thing that I think is important to note is the reference to, you know, Nation Star's attempt to collect the fees. That's not entirely true. It is true that the fees appeared on his monthly statements as a line item. There was never any type of collection calls or collection efforts. Nothing like that happened here. It was simply something that showed up, unfortunately, on his statement that shouldn't have. And as I said, we removed it. But there was not any type of collection efforts or phone calls or hounding of him or anything like that that took place. But to go back to Your Honor's question, no, punitive damages are not available under 597A. Okay. I think in his briefing, I don't know if there's record evidence on this, but that he asserts that the fees were not removed until he brought suit. That is correct, Your Honor. We had begun the process of removing them. And because of what I really don't understand, but some sort of internal error, that process was not completed until after the lawsuit was filed. The process began before the lawsuit was filed. Okay. Thank you. And, Your Honor, I would also draw your attention to another case cited in our brief, Newton. And I think that case also shows my point about the SCRA being a balancing statute. Not every action that is potentially adverse to a service member violates the act. The Congress made very clear that there are certain things you can do and certain things you cannot do with respect to service members. And Newton is a very good example of that. That's a situation where the service member was a 50% owner in a small family corporation. It was essentially her and her husband that owned this corporation. The corporation defaulted on a loan and a foreclosure occurred. And the court held that the SCRA did not prohibit this because a corporation is not a service member. And what the court says is, the act does not say, however, that closely held corporations are service members who enjoy statutory protection. Had Congress meant to embrace corporations with the ambit of the SCRA, it certainly could have done so just as it did with dependents. But liberal interpretation does not allow the court to insert language that does not exist or to ignore language that does. Plaintiffs ask the court to rewrite the act, and the court cannot do so. The same is true here. Again, fees are specifically mentioned throughout the SCRA. They are not specifically mentioned in 533. And for that reason, our position is that the court cannot insert that provision, just as the district court judge below found. And we would ask that the court affirm the judgment of the district court. Thank you, counsel. Thank you. Good morning, Your Honors. Christopher Brewster. May it please the Court, I'll conduct a rebuttal. Your Honors, what's important to note here is that NationStar acted independent of SunTrust. They make quite a bit of detail to the fact that SunTrust started the notice of default. However, under California law, there is no distinction between a mortgage loan servicer, between an investor, or between a party that files a notice of default or continues the foreclosure action. Specifically, I call the court's attention to 2924A6 of the California Civil Code, which draws a distinction between the act of filing a notice of default or continuing the foreclosure process. So they're two separate, distinct activities. Moreover, NationStar acted not for SunTrust. NationStar acted for an investor. In today's mortgage market, as Your Honors are aware, there's a robust secondary market. And my particular loan is owned on the secondary market. I don't know who the ---- You address counsel's argument about 533 being comprehensive, the SCRA being comprehensive in referencing fees in many places, but not in conjunction with the kind of fee that was imposed here. What about that? Yes, Your Honor. I would call the court's attention to sub D of Section 533, which very specifically, and the court will indulge me, I'll read, a person who knowingly makes or causes to make a sale, foreclosure, or seizure that is prohibited by sub Section C or who knowingly intends to do so shall be fined as provided in Title 18 or imprisoned for not more than one year or both. It's a criminal statute. Yes, Your Honor. But the fine is, the court asked what the penalties were for this type of activity. That's not a damage action. That's not a fine that goes to a plaintiff. That's a fine that goes to the United States. Yes, I understand. But that's the question that the court's bringing up as a private cause of action, and that's something that's been ---- I had a different question. Yes, Your Honor. That is the question of whether fees can be part of the foreclosure process when the SCRA makes reference to fees in many other contexts, but it's silent on this. Yes, Your Honor. Well, the court is silent to what constitutes, excuse me, the SCRA is silent to what constitutes foreclosure law under the SCRA. We looked at the individual states. My opponent has cited cases in their brief that deal with foreclosure laws that relates to Michigan and Virginia. That's irrelevant to California. California law applies fees to the foreclosure process. So the fact that the SCRA is silent, we would argue to the court that we must look to state law. And in California, under a nonjudicial foreclosure, fees are part and parcel of the foreclosure process. They cannot be removed. They were charged to my account. They were demanded to be repaid. And so that provision I believe we look to California state law for the fee provision of the foreclosure prohibition under the SCRA. And, Your Honor, the last point I would like to continue to make is the fact that they acted independent of SunTrust. What SunTrust did is irrelevant to NationStar. They were both acting as a beneficiary to the investor. They both acted independent. NationStar independently violated the SCRA statute when it sought to collect fees that were imposed improperly on my account. It makes no difference. We believe, as we interpret the statute, that NationStar did not file the notice of evil. Did they get any kind of a grace period? Is issuing a statement to you showing that there's some fees owed, a violation of the statute that entitles you to bring a damage action against them? Your Honor, as I was going to say, If there's no attempt to collect them and to call them, it takes a little while to get through to the right person because you never can call anybody until you've made three phone calls. And they ultimately remove it off of your account. At what point did you have a cause of action? Your Honor, I assert when I began, this happened when I was overseas. The point of the Service Membership Relief Act is to provide a temporary suspension of this type of activity for a member recalled to active duty so they can focus on their military duties. The fact that I was in a combat environment, receiving a bill that was inappropriate and in violation of my rights, I believe triggers the action right then. I had no opportunity. The whole point is this statute is to be liberally construed because folks find themselves in austere places when these activities occur. I didn't have access to a phone, Your Honor. I couldn't simply call the bank. I was in a combat zone. It's very difficult to call the bank when you're in a combat zone, so I would argue that that's the purpose for the liberal interpretation of the statute. Okay. Thank you, counsel. We thank both counsel for the argument. Brewster v. Nation Star Mortgage is ordered submitted.
judges: Chen, Gould, Bybee